UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| QUANTREIL LAURA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:23-CV-40129-MRG |
| | ) | |
| CITY OF WORCESTER, | ) | |
| EDWARD M. AUGUSTUS, JR., | ) | |
| JEFFREY CONROY, | ) | |
| ARMANDO GARCIA, | ) | |
| JANICE E. THOMPSON, | ) | |
| DAVID ROCHE, | ) | |
| DANNON TRAVERS STACER, | ) | |
| JANET J. MCGUIGGAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS TO DISMISS [ECF NOS. 42 & 48]**

**GUZMAN, J.**

In the underlying action, pro se Plaintiff Quantreil Laura ("Laura") brings claims against multiple defendants pursuant to 42 U.S.C. § 1983 ("§ 1983") after an encounter at Worcester City Hall that resulted in his criminal arrest. The prosecution for Plaintiff's criminal arrest is currently pending in the state district court. Because of Plaintiff's pending state criminal case and for the reasons stated below, the Court **DISMISSES** without prejudice Plaintiff's federal claims insofar as they seek equitable relief and **STAYS** Plaintiff's federal claims for damages. Further, the Court **DISMISSES** Laura's state law claims without prejudice.

**I.   BACKGROUND**

As is required in evaluating a motion to dismiss, the following facts derive from Plaintiff's complaint and are accepted as true with all reasonable inferences drawn in the Plaintiff's favor.

1

Aldabe v. Cornell Univ., 296 F. Supp. 3d 367, 371 (D. Mass. 2017), aff'd, No. 17-2180, 2018 U.S. App. LEXIS 37040 (1st Cir. Dec. 7, 2018) (citing Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000)). On or about February 24, 2022, Laura entered the Worcester City Hall to file a public records request. [Compl. ¶ 29, ECF No. 1]. He was redirected to the law department to speak with someone regarding a grievance he wanted to file. [Id. ¶ 30]. Laura alleges that the employees within the law department chose to call the police on him in retaliation of his grievance filing. [Id. ¶ 32]. When the police arrived, Laura alleges that an employee made false statements to the police about him, resulting in his subsequent arrest. [Id. ¶ 33]. Laura alleges the police officers used excess force in arresting him. [See id. ¶¶ 38, 54, 60]. As a result of the incident, Laura was charged with trespassing, disorderly conduct, and resisting arrest.[1] [See ECF No. 49-1, at 2]. That criminal prosecution is still pending in state district court. [Id. at 4]. After his arrest, Laura brought this action alleging multiple § 1983 claims against the City of Worcester, the City Manager of Worcester, the attending police officers, the Assistant District Attorney in the state proceeding, and Judge Janet McGuiggan,[2] who issued an arrest warrant for the Plaintiff. Laura's claims seek both declaratory relief and damages. Defendants Judge McGuiggan and Armando Garcia ("Garcia") have filed separate motions to dismiss on varying grounds. [ECF Nos. 42, 48].

II.     **LEGAL STANDARDS**

The First Circuit has not resolved whether motions to dismiss based on abstention are viewed under the Fed. R. Civ. P. 12(b)(1) standard or 12(b)(6) standard, and district courts within

---

[1] "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) (collecting cases) (holding that district court's taking of judicial notice of a defendant's conviction was not error). As a result, the Court takes judicial notice of Plaintiff's criminal arrest in the matter and his pending criminal prosecution in state court.

[2] Judge McGuiggan is improperly named as a "clerk magistrate" in Plaintiff's complaint. Compl. ¶¶ 16, 128].

2

the First Circuit differ in their approaches. AUI Partners LLC v. State Energy Partners LLC, No. 23-12292-WGY, 2024 WL 3377996, at *4 (D. Mass. July 11, 2024) (citing Mass. Delivery Ass'n v. Coakley, 671 F.3d 33, 40 n.6 (1st Cir. 2012)). Since the Court does not need to weigh the evidence to determine whether abstention applies, it merely makes its decision "in consideration of undisputed facts, namely the complaint and publicly available documents (including documents and dockets from the state court proceedings)." Id. (citing Mass. Delivery Ass'n, 671 F.3d at 40 n.6). The Court will decide whether abstention under Younger applies as a matter of law, so it need not resolve whether to follow a 12(b)(1) approach or 12(b)(6) approach.

Younger v. Harris established "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (citing Younger, 401 U.S. 37 (1971)). The rationale behind Younger abstention roots itself in the notion of "comity" or "proper respect for state functions," with the presumption that state courts will properly safeguard federal constitutional rights. Id. Even when litigants bring claims of violations of important federal rights, abstention is still appropriate "as long as the federal claims can be 'raised and resolved *somewhere* in the state process.'" Burnham v. Massachusetts, 279 F. Supp. 3d 368, 369-70 (D. Mass. 2018) (quoting Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004)).

For Younger abstention to apply, a preliminary threshold issue must be satisfied: the relief asked of the federal court must interfere with the state proceedings. Mass. Delivery Ass'n, 671 F.3d at 40-41 (collecting cases). This requirement reflects a longstanding policy against federal interference with state judicial proceedings, which,

> is premised on 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States

and their institutions are left free to perform their separate functions in their separate ways.

Burnham, 279 F. Supp. 3d 368, 369 (quoting In re Justices of Superior Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000) (quotation marks omitted)); Younger, 401 U.S. at 44. Interference "clearly exists where the plaintiff is seeking a declaratory judgment that a prosecution . . . is illegal or unconstitutional." Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 70 (1st Cir. 2005) (citing Samuels v. Mackell, 401 U.S. 66, 72 (1971)).

Once interference is met, the First Circuit utilizes a three-step approach to determine if Younger abstention applies. Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015). Federal courts are required to abstain if: (1) the state proceeding fits within the Younger taxonomy; (2) the Middlesex factors weigh in favor of abstention; and (3) none of the exceptions to Younger apply. Id. at 192-93.

The first prong when determining if Younger abstention applies is determining if the state proceeding fits within the Younger taxonomy. Younger only applies to "exceptional" state proceedings, which the Supreme Court has held includes only three types of cases: (1) criminal prosecutions, (2) "civil proceedings akin to criminal prosecutions," and (3) "proceedings implicating a State's interest in enforcing the orders and judgments of its courts." Sirva, 794 F.3d at 192 (quoting Sprint Commc'ns., Inc. v. Jacobs, 571 U.S. 69, 73 (2013)).

The second prong in the Younger analysis requires the Court to consider whether the Middlesex factors weigh in favor of abstention. The Middlesex factors indicate that abstention is favorable when: (1) the state proceeding constitutes an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. Middlesex Cnty. Ethics Comm., 457 U.S. at 432.

In the third and final prong, the Court must ensure that none of the three exceptions to Younger apply. Younger identified three exceptions when abstention should not be applied: (1) patent or flagrant unconstitutionality in a state law, (2) bad faith or harassment in state prosecution, or (3) the lack of a state forum that can adequately protect federal rights. See Younger, 401 U.S. at 51, 53-54. If any of the exceptions apply to the matter at hand, Younger abstention is inappropriate.

### III.    DISCUSSION

#### A.    Interference of Relief Sought

The Court finds that the relief sought by Laura's federal action meets the threshold issue of interference with a state proceeding. Laura, in essence, argues that his arrest was unconstitutional and seeks relief under § 1983. Not only would adjudication in this action interfere with his criminal prosecution in state court, it may "completely end the prosecution were the Court to grant the relief [he] seeks." Burnham, 279 F. Supp. 3d at 370. Laura seeks, *inter alia*, declarations that Defendants' actions violated his constitutional rights, a determination that would ultimately affect the proceedings in his criminal prosecution and would be a key defense in his case. [See Compl.].

In Burnham, plaintiff brought a § 1983 action alleging that various state officials retaliated against him for filing civil actions. 279 F. Supp. 3d at 369. The plaintiff in that case was awaiting trial for criminal charges, and another session of this Court abstained under Younger because the federal action, where the plaintiff sought declaratory relief, would have interfered with his ongoing state prosecution. Id. at 370. Like the plaintiff in Burnham, Laura's ongoing criminal prosecution meets the threshold requirement that the relief sought by his federal action interferes with a state proceeding. A declaration from this Court that Defendants violated Laura's constitutional rights in

his arrest at the Worcester City Hall would significantly alter the proceedings in his criminal prosecution. Interference is therefore met in this instance.

### B. Applicable State Proceeding

Abstention is only appropriate if there is an applicable state proceeding under the Younger taxonomy. State criminal prosecutions fall within this taxonomy. Sirva, 794 F.3d at 192 (quoting Sprint Commc'ns., Inc., 571 U.S. at 73). Indeed, the Younger abstention doctrine was created after a plaintiff, charged with violation of a state criminal law, challenged the constitutionality of that law in federal district court. 401 U.S. at 38-39. The state proceeding in that case was the plaintiff's criminal prosecution in state court. Clearly, the criminal prosecution Laura faces for trespass, disorderly conduct, and resisting arrest is exactly the type of state proceeding the Supreme Court had in mind when instructing federal courts not to interfere with state court proceedings. See id. at 43-44. Therefore, the Court finds that the first prong of Younger abstention is readily satisfied.

### C. Middlesex Factors

The Court will now determine if the Middlesex factors weigh in favor of abstention. As highlighted, *supra*, the state proceeding satisfies the first factor that an ongoing state judicial proceeding exists. Additionally, it is clear that the state proceeding meets the second Middlesex factor because it implicates important state interests as the "Commonwealth of Massachusetts quite plainly has a very significant state interest in prosecuting those who violate the state criminal law." Kennedy v. Town of Billerica, 594 F. Supp. 2d 117, 123 (D. Mass. 2009) (report and recommendation adopted). The last Middlesex factor deals with the adequacy of plaintiff's opportunity to raise constitutional challenges. There is no indication that Laura has not had or will not have a meaningful opportunity to present his constitutional challenges in defense of his state prosecution. In Burnham, the plaintiff asserted that Younger abstention could not apply because

he was allegedly prevented from presenting his arguments in state court. 279 F. Supp. 3d at 370. The court found that despite plaintiff's unsuccessful attempts to obtain relief in the state court "in the manner he desire[d]," there was "no indication that he [was] foreclosed from pursuing a direct appeal or postconviction relief in the event of a conviction." Id. As the Burnham court noted, "the application of Younger abstention does not turn on a litigant's success in obtaining relief in the state court proceeding, only his ability to do so." Id. at 371. The Supreme Court in Younger emphasized that accused defendants in criminal proceedings should first "set up and rely upon [their] defense in the state courts, . . . unless it plainly appears that this course would not afford adequate protection." 401 U.S. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243 (1926)). Since Laura has not posited that he has been prevented from meaningfully presenting constitutional challenges in defending his state criminal charges in any way, the Court finds that the third Middlesex factor weighs in favor of abstention.

Since all three Middlesex factors weigh in favor of abstention, the second prong of Younger is satisfied. See Middlesex Cnty. Ethics Comm., 457 U.S. at 432.

### D.    Younger Exceptions

The Supreme Court identified a few exceptions to Younger where abstention would be inappropriate. A case typically only falls under one of the exceptions in unusual circumstances. Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass., 904 F.2d 772, 779 (1st Cir. 1990) (quoting Younger, 401 U.S. at 37, 54). The Court finds, however, that none of the exceptions apply to the case at hand. Laura has not identified any basis in which the state laws in his case are patently or flagrantly unconstitutional. Nor has Laura identified any bad faith or harassment in the prosecution of his criminal charges. Lastly, the Court does not see any reason to doubt the adequacy of the state forum to address Laura's federally protected rights in the

prosecution of his state charges. Therefore, since Laura fails to posit that any of the <u>Younger</u> exceptions apply to his case, the Court finds no circumstances indicating that abstention is inappropriate. See <u>Maymó-Meléndez</u>, 364 F.3d at 38 (considering the circumstances and holding that the case "cannot fall within any rational <u>Younger</u> exception").

### E. <u>Younger Abstention in § 1983 Claims</u>

The First Circuit has comprehensively found that claims for equitable relief under § 1983 can be properly dismissed under <u>Younger</u> abstention. See <u>Rossi v. Gemma</u>, 489 F.3d 26, 37 (1st Cir. 2007) (citing <u>Bettencourt</u>, 904 F.2d at 781) ("We find that <u>Younger</u> abstention is appropriate on the [plaintiff]'s § 1983 claims for equitable relief [and] affirm the district court's dismissal of the [plaintiff's] constitutional claims insofar as they seek equitable relief."). This is because <u>Younger</u> abstention is based on a "notion that 'courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied [equitable] relief.'" <u>Mass. Delivery Ass'n</u>, 671 F.3d at 40 (quoting <u>Younger</u>, 401 U.S. at 43-44). The same can be said for actions seeking declaratory relief or injunctive relief. <u>Id.</u> Courts of equity may abstain from the state proceedings because of the notions of federalism and comity, as well as the "desire to prevent unnecessary duplication of legal proceedings." <u>Id.</u> (citing <u>Younger</u>, 401 U.S. at 44).

However, litigants seeking damages in a federal action (as opposed to equitable relief) do not have the same ability to seek monetary relief in criminal proceedings in state court. Therefore, because plaintiffs do not have ample opportunity to make these claims in the state proceeding, the procedure for abstention when a plaintiff seeks damages under a § 1983 claim is different. See <u>Johnson v. Bd. of Bar Overseers of Mass.</u>, 324 F. Supp. 2d 276, 285 (D. Mass. 2004) ("The <u>Younger</u> abstention doctrine does not apply, however, to [plaintiff]'s claims for money damages

8

pursuant to [§ 1983] . . . since she will not have the opportunity to make these claims in the state proceeding.") (citing Deakins v. Monaghan, 484 U.S. 193, 202 (1988)). When a court abstains under Younger on a damages claim, "it ordinarily may only stay the action, rather than dismiss the action in its entirety." Rossi, 489 F.3d at 38 (citing Quackenbash v. Allstate Ins. Co., 517 U.S. 706, 731 (1996)); see Deakins, 484 U.S. at 202 (holding that even when a district court is required to abstain under Younger, it may not dismiss the claims and must stay claims for monetary relief that cannot be addressed in state proceedings). The Court finds that stay is proper for Laura's claims insofar as they seek damages.

Since the Court is required to abstain based on its analysis, *supra*, it must dismiss Laura's claims for equitable relief under § 1983 but must stay the proceedings for his damages claims under § 1983 until final determination in his state court prosecution is made.

### F.  State Law Claims

In addition to bringing federal claims under § 1983, Laura asserts claims under state law, including false arrest, assault and battery, and false imprisonment. [Compl. ¶¶ 37-51, 69-81]. These claims are before the Court under supplemental jurisdiction. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims." Rossi v. Gemma, 489 F.3d 26, 39 (1st Cir. 2007) (quoting Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)); see also 28 U.S.C. § 1367(c)(3). This Court has dismissed Laura's federal claims for equitable relief and stayed his federal claims for monetary relief, but "the distinction makes no difference" in the Court's discretion to dismiss state law claims, particularly "this early in the litigation, once the court will not go forward on any federal claims." Id. (citing United Mine

Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966)). Accordingly, the Court dismisses all of Laura's state law claims without prejudice.

### IV.     **CONCLUSION**

For the reasons stated above, the Court **DISMISSES** Laura's federal claims *for equitable relief* without prejudice (Counts I, III, V, VI, VII, VIII) and **STAYS** Laura's federal claims *for damages* (also Counts I, III, V, VI, VII, VIII) until final determination is made in the state district court. Further, the Court **DISMISSES** Laura's state law claims without prejudice for lack of supplemental jurisdiction (Counts II & IV).

**SO ORDERED.**

Dated: December 6, 2024

       /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge