UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| QUANTREIL LAURA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 4:23-CV-40129-MRG |
| CITY OF WORCESTER, EDWARD M. AUGUSTUS, JR., JEFFREY CONROY, ARMANDO GARCIA, JANICE E. THOMPSON, DAVID ROCHE, DANNON TRAVERS STACER, JANET J. MCGUIGGAN, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON SANCTIONS

**GUZMAN, J.**

In the underlying action, pro se Plaintiff Quantreil Laura ("Laura") brings claims against multiple defendants pursuant to 42 U.S.C. § 1983 ("§ 1983") after an encounter at Worcester City Hall that resulted in his criminal arrest. On December 6, 2024, this Court issued an order dismissing without prejudice the Plaintiff's state claims and his federal claims seeking equitable relief and further staying the Plaintiff's federal claims for money damages. [See Order on Motions to Dismiss, ECF No. 65]. Following a series of frivolous filings combined with Mr. Laura's abusive emails to Court personnel, the Court now finds that sanctions are warranted in this case.

### I.    BACKGROUND

The Court incorporates the factual background and procedural history as detailed in Defendant Armando Garcia's Motion to Strike, ECF No. 75.

## II.    LEGAL STANDARDS

Article III courts wield "an array of 'inherent powers' in performing their case-management function." United States v. Kouri-Perez, 187 F.3d 1, 7 (1st Cir. 1999) (quoting United States v. Horn, 29 F.3d 754, 759 (1st Cir. 1994)). A district court has an "inherent power to 'sanction . . . litigation abuses which threaten to impugn the district court's integrity or disrupt its efficient management of [case] proceedings.'" AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 426 (1st Cir. 2015) (quoting Kouri-Perez, 187 F.3d at 7). A "party's disregard of a court order is a paradigmatic example of extreme misconduct[,]" Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005), and a litigant who ignores a court order "does so at his peril." Young v. Gordon, 330 F.3d 76, 82 (1st Cir. 2003) (citation omitted). "A trial court has wide discretion in its choice of sanctions[,]" Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 77 (1st Cir. 2002); and "the choice of an appropriate sanction must be handled on a case-by-case basis." Young, 330 F.3d at 81 (citations omitted).

## III.   DISCUSSION

Mr. Laura has a long history of litigation abuses and frivolous filings. In addition to flouting the Court's partial dismissal and stay order (ECF No. 65) by filing a motion for summary judgment with no legal basis, Mr. Laura has been actively harassing Court personnel via email. He has sent emails to Clerk's Office staff members, and even to the Clerk of Court for the District of Massachusetts threatening to file meritless ethics complaints against them. Further, as evidenced in the Defendants' motions to strike, [ECF Nos. 75 & 76], Mr. Laura has engaged in similarly frivolous and abusive communications with defense counsel where he misrepresents the Court's rulings. These tactics have resulted in a waste of attorney and court personnel hours, as the recipients of Mr. Laura's communications attempt to respond in good faith. Mr. Laura has been

warned via email of his unacceptable treatment of judiciary personnel. Mr. Laura also continues to attempt to file documents via email, despite being forewarned on March 6, 2024 that he may only file by personal delivery or mail to the Clerk's Office. [ECF No. 28]. The Court finds that this pattern of contumacious behavior requires sanctions.

First, the Court **GRANTS** the Defendants' motions to strike, ECF Nos. 75 & 76. Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Having already made a dispositive ruling in Mr. Laura's case, his motion for summary judgment is entirely impertinent and irrelevant. Mr. Laura continues to pursue dispositive relief despite acknowledging in his own pleadings the finality and meaning of the Court's dismissal and stay order [see Formal Courtroom Response to Pending Proceedings, ECF No. 68]. This indicates that Mr. Laura is acting in bad faith to seek an alternative ruling simply because he didn't agree with the first outcome. Accordingly, Mr. Laura's motion for summary judgment, ECF No. 74 is hereby **stricken**.

As a sanction for Mr. Laura's frivolous and excessive filings in this case, [see ECF Nos. 11, 27, 40, 68, 71], the Court orders Mr. Laura to pay a penalty of $300.00 to the Clerk of the U.S. District Court of the District of Massachusetts within twenty-one (21) days of this Order. Until Plaintiff pays the $300.00 sanction, Plaintiff is prohibited from making additional filings in this case. Even after Plaintiff pays the penalty, the Court cautions Plaintiff that future frivolous filings may result in additional sanctions, including monetary sanctions.

Finally, as a sanction for Mr. Laura's abusive and harassing emails to Court personnel, Mr. Laura is advised that neither the Court nor judiciary personnel will respond to any unsolicited emails he sends. Should Mr. Laura need to contact the Court for a legitimate concern, he must file a letter/request on the docket.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff is hereby sanctioned as stated above

**SO ORDERED.**

Dated: February 26, 2025

 /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge
